IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| Free Speech Systems, LLC | § | CASE NO. 22-60043 |
| | § | |
| Debtor | § | |
| | § | |
| ELEVATED SOLUTIONS GROUP, LLC, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| FREE SPEECH SYSTEMS, LLC, and CMC CONSULTING, LLC, | § | ADVERSARY NO. 24-_____ |
| Defendants. | § | |

# COMPLAINT

**COMES NOW**, Elevated Solutions Group, LLC, and files this *Complaint,* and respectfully show the Court as follows:

**PARTIES AND JURISDICTION**

1. Plaintiff Elevated Solutions Group, LLC is a Texas limited liability corporation and may be served through counsel.

2. Defendant CMC Consulting, LLC is a California limited liability company and may be served through its registered agent Charles Cicack, 4548 Valley Spring Dr., Westlake, CA 91362.

3. Defendant Free Speech Systems, LLC is the Debtor and may be provided notice and served through its registered agent John C. Carsey, 1100 Guadalupe St., Austin, TX 78701.

## FACTS

4. Elevated Solutions Group LLC ("**ESG**") is a Texas Veteran owned and operated management and operations company. ESG conducts business optimization and business development for companies of all sizes, with a focus on brand development, branding and marketing strategies, E-commerce strategies, website development, logistics, and strategic affiliate marketing agreements.

5. On July 29, 2022 (the "Petition Date"), Free Speech Systems LLC filed its voluntary Subchapter V Chapter 11 petition.

### PLATINUM PRODUCTS

6. Effective November 4, 2022 the Debtor entered into a *Professional Services Agreement* with the Plaintiff, ESG, pursuant to which ESG was to manage the manufacture, market and account for products referred to as the Platinum Supplement Affiliate Program consisting of three (3) products (the "**Agreement**"). Exhibit 1

7. Payment for the services provided by ESG, as provided in the Agreement were 20% of Net Sales to Free Speech and 80% to ESG.

8. ESG performed their functions by developing, producing and delivering the products as contracted for.

9. Payment issues developed between ESG and Free Speech during the course of the Agreement resulting in a Stipulation entered by the Court on September 27, 2023 (the "**Stipulation**"). Exhibit 2

COMPLAINT

10. Pursuant to the Stipulation, Free Speech was to immediately deliver $105,824.24 to ESG with an obligation to then continue weekly distributions thereafter. Also pursuant to the Stipulation, existing inventory was to be sold and would not be replenished.

### CMC Agreement

11. On or about March 9, 2022, ESG and CMC Consulting LLC ("**CMC**") entered into a *Professional Services Agreement – Affiliate Revenue Share* (the "**CMC Agreement**"). Exhibit 3

12. Contemporaneously, ESG and Free Speech entered into a *Professional Services Agreement-CMC Affiliate Program Revenue Share* (the "**FS/ESG Agreement**"). Exhibit 4

13. Each contract was a separate agreement, with the only common party to each being ESG. With respect to the identified transactions, Free Speech and CMC had no contractual relationship.

14. Pursuant to the CMC Agreement, CMC would *broker* relationships and contacts to ESG to effectively pair ESG with various vendors seeking to promote and sell various products. In return, ESG would utilize its relationship with Free Speech pursuant to its FS/ESG Agreement to facilitate and manage the marketing and delivery of these products and to provide other services as necessary through the Free Speech platform.

15. Pursuant to the agreements, ESG would utilize the contacts provided by CMC, identify and package a proposal of products and/or services to potentially be sold and delivered through the Free Speech platform. ESG would then propose these product packages to Free Speech for fit and profitability. Free Speech would then identify attractive relationships for marketing. ESG then managed the marketing and delivery of the identified products and/or services.

16. As compensation, and pursuant to the identified agreements, CMC would be responsible for the accounting and proceeds produced by the sale of products and/or services by each vendor resulting from the services of ESG; CMC was to

provide the accounting and payment on a regular basis to ESG pursuant to the contractual schedule; in return and after receipt of payment from CMC, ESG was to provide accounting and a portion of the revenue to Free Speech.

### PATRIOT COLLECTIBLES

17. On or about March 1, 2022, ESG and Free Speech entered into that certain *Professional Services Agreement-Patriot Collectibles Affiliate Program* (the "**Collectibles Agreement**").

18. Pursuant to the Collectibles Agreement, ESG would design and produce collectible coins for marketing and sale on the Free Speech Platform. ESG fronted all costs in designing, producing, warehousing and delivering the collectible coins sold on the Free Speech Platform.

19. Free Speech would be paid a percentage of the Net Sales of the collectible coins.

### POST-PETITION ADOPTION

20. On or about November 30, 2022, Free Speech and ESG entered into that certain Professional Services Agreement-Affiliate Marketing MOU (the "**MOU**"). Exhibit 6.

21. Pursuant to the MOU, ESG would continue to provide the services contemplated in the FS/ESG Agreements at a rate of 30% of Net Sales to Free Speech.

## CAUSES OF ACTION

### BREACH OF CONTRACT AND ACCOUNTING (CMC)

22. ESG and CMC entered into a valid contract, *i.e.*, the CMC Agreement.

23. ESG has performed all of its obligations required of them pursuant to the CMC Agreement. The CMC Agreement did not contain any conditions precedent, however if it is determined that such conditions exist in the CMC Agreement, all have been satisfied.

24. ESG has performed its obligations pursuant to the CMC Agreement.

25. CMC has failed to comply with the CMC Agreement in material ways, including failing to pay funds and proceeds due and owing to ESG.

26. The breach of the Agreement by CMC has damaged ESG monetarily.

27. Pursuant to the terms of the CMC Agreement, CMC owes ESG in excess of $495,000.00.

28. Due to the intentional and material breach of the CMC Agreement by CMC, CMC is obligated to pay ESG for its reasonable attorney fees and expenses for the prosecution of this adversary.

29. Due to the contractual relationship between ESG and CMC and the failure of CMC to account for funds currently owing to ESG, ESG is entitled to a full accounting related to the contractual relationship between the parties.

**TORTIOUS INTERFERENCE WITH EXISTING CONTRACT (FREE SPEECH)**

30. ESG has a valid and binding contract with CMC (the CMC Agreement) that provided for, among other things, timely accounting and payment of funds due.

31. Free Speech intentionally and willfully interfered with that contract by pressuring and causing CMC to withhold funds and accounting rightfully owed to ESG.

32. By its actions and words, Free Speech caused CMC to withhold payment and continues to cause CMC to withhold payment of funds due and payable. The actions of Free Speech induced CMC to breach its contract with ESG by causing them to withhold payments due and owing.

33. The interference of Free Speech with the CMC contract has caused serious and material damage to ESG.

34. ESG is entitled to its actual damages for the interference in amount not less than $495,000.00.

35. Due to the intentional and willfull actions of Free Speech in inducing CMC to breach its contract with ESG, ESG is entitled to exemplary damages.

36. Due to the actions of Free Speech, ESG is entitled to recover its actual and necessary attorney fees and costs associated with the prosecution of this action.

**BREACH OF CONTRACT/CONTEMPT (FREE SPEECH)**

37. ESG and Free Speech entered into a valid contract referred to above as the Agreement, further modified by the Stipulation.

38. ESG has performed its obligations pursuant to the Agreement and the Stipulation.

39. Free Speech has failed to comply with the Agreement and Stipulation in material ways, including failing to provide both timely and accurate accounting, and pay funds and proceeds due and owing to ESG.

40. The breach of the Agreement and Stipulation by Free Speech has damaged ESG monetarily.

41. Pursuant to the terms of the CMC Agreement, CMC owes ESG in excess of $22,000.00.

42. Due to the intentional and material breach of the Agreement by Free Speech, Free Speech is obligated to pay ESG for its reasonable attorney fees and expenses for the prosecution of this adversary.

43. In addition, the obligations of Free Speech are contained in the Stipulation which was signed and entered by the Court as an order of the Bankruptcy Court.

44. The terms and conditions of the Stipulation are clear and mandated Free Speech to make regular accounting disclosures and payments to ESG.

45. Free Speech has failed to comply with the order of the Court.

46. Free Speech should be held in contempt of the order and required to pay sanctions in the amount of the reasonable attorney fees and expenses incurred by ESG seeking enforcement and compliance with the Stipulation.

47. In addition, the Court should impose a daily sanction for Free Speech's continued contempt of the Stipulation.

**BREACH OF CONTRACT - RETURN OF ESG FUNDS AS UNEARNED AND UNJUSTLY RETAINED (FREE SPEECH)**

48. ESG and Free Speech entered into a valid contract referred to above as the Collectibles Agreement.

49. Pursuant to the Agreement, ESG designed, had minted and warehoused 9,750 certain silver collectible coins referred to as the Theodore Roosevelt "Man in the Arena" Custom Silver Round (the "Silver Coins").

COMPLAINT

50. Postpetition, Free Speech approached ESG regarding their cash flow/cash deposit issues.

51. In an attempt to support its customer, ESG agreed to advance distributions to Free Speech prior to the actual sale of the remaining inventory of the Silver Coins.

52. In October, 2022, ESG advanced $226,454.26 to Free Speech which accounted for the distributions on the Silver Coins not yet sold.

53. Through no fault of ESG, the then remaining inventory of Silver Coins were never sold.

54. Even though requested and demanded initially on 12 January 2023, Free Speech has failed and refused to return the remaining funds from the 4,000 units that went unsold, totaling $92,880.00.

55. The $92,880.00 was never earned by Free Speech and the funds remain property of ESG.

56. In the alternative, Free Speech owes ESG $92,880.00 for failure to comply with the Collectibles Agreement.

57. It would be unjust to allow Free Speech to retain the funds, having failed to properly market the coins, making it impossible to sell the coins.

58. ESG is entitled to also collect its reasonable attorney fees and expenses incurred in prosecuting this adversary.

**WHEREFORE**, Plaintiffs request the Court to enter judgment against CMC and Free Speech for funds due and owing, award exemplary damages and award ESG its attorney fees and expenses together with pre and post judgment interest, and for such other relief, at law or in equity, to which ESG may show itself entitled.

Dated:  March 8, 2024.

COMPLAINT

                Respectfully submitted,

                By: _/s/ Johnie Patterson_
                Johnie Patterson
                SBN#15601700
                COUNSEL FOR PLAINTIFF

OF COUNSEL:
WALKER & PATTERSON, P.C.
P.O. Box 61301
Houston, TX 77208-1301
(713) 956-5577
(713) 956-5570 (fax)
**jjp@walkerandpatterson.com**

COMPLAINT