IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| Free Speech Systems, LLC | § | CASE NO. 22-60043 |
| | § | |
| Debtor | § | |
| | § | |
| ELEVATED SOLUTIONS GROUP, LLC, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| FREE SPEECH SYSTEMS, LLC, and CMC CONSULTING, LLC, | § | ADVERSARY NO. 24-03038 |
| Defendants. | § | |

**MOTION TO STRIKE AFFIRMATIVE DEFENSES AND MOTION TO DISMISS COUNTERCLAIM**

**COMES NOW**, Elevated Solutions Group, LLC, and files this *Motion To Strike Affirmative Defenses and Motion To Dismiss Counterclaim,* and respectfully show the Court as follows:

1. The pleading requirements for an affirmative defense are set out in Federal Rule of Civil Procedure 8(c). Under Rule 8(c), defendants must plead an affirmative defense with enough specificity or factual particularity to give the plaintiff fair notice of the defense that is being advanced. *Woodfield v.*

*Bowman*, 193 F.3d 354, 362 (5th Cir. 1999) ("An affirmative defense is subject to the same pleading requirements as is the complaint.")

2. In addition, affirmative defenses involving fraud must be pleaded with the particularity required by Rule 9(b).

3. Defendant CMC has asserted the following affirmative defenses:

    a. "ESG's claim against CMC is barred for failure or lack of consideration." Docket #7, ¶59

    b. "ESG's claim against CMC is barred by the doctrine of accord and satisfaction." Docket #7, ¶60

    c. "ESG's claim against CMC is barred because it was paid all sums to which it is entitled." Docket #7, ¶61

    d. "ESG's claim against CMC is barred because ESG terminated the CMC Agreement." Docket #7, ¶62

    e. "ESG's claim against CMC is barred by the doctrine of anticipatory breach." Docket #7, ¶63

    f. "ESG's claim against CMC is barred by the doctrine of renouncement/abandonment." Docket #7, ¶64

    g. "ESG's claim against CMC is barred because it repudiated the CMC Agreement." Docket #7, ¶65

    h. "ESG's claim against CMC is barred by the doctrine of prior material default." Docket #7, ¶66

    i. "ESG's claim against CMC is barred because all conditions precedent to its entitlement to recovery have not occurred." Docket #7, ¶67

    j. "ESG's claim against CMC is barred because the CMC Agreement was modified to provide that any payments to which ESG would

  otherwise be entitled should be paid as directed by FSS." Docket #7, ¶68

  k. "ESG's claim against CMC is barred by the doctrine of waiver." Docket #7, ¶69

  l. "ESG's claim against CMC is barred by the doctrine of estoppel." Docket #7, ¶70

  m. "ESG's claim against CMC is barred because it has no damages." Docket #7, ¶71

  n. "ESG's claim against CMC is barred because it has not provided the services required under the CMC Agreement." Docket #7, ¶72

4. The asserted affirmative defenses are merely statements of legal conclusions with no factual basis.

5. Pursuant to FED. R. BANKR. P. 7008(c) and 7012(f), each of the affirmative defenses must be stricken as insufficiently plead.

## DISMISSAL OF COUNTERCLAIM FOR INTERPLEADER

6. The counterclaim of CMC must be dismissed for several very basic reasons. First, 28 U.S.C. § 1335 requires a deposit of the funds which has not occurred.[1]

7. Second, this is not a claim to a distinct fund of money. This is a breach of contract case where all parties are adverse. The Plaintiff is not looking solely to a fund or *res*. CMC is liable to the Plaintiff for funds not paid pursuant to a contract. Free Speech is liable to ESG for tortiously interfering with that contract. CMC is liable to provide a full accounting and may owe more than stated or acknowledged by CMC. See *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S.

---

[1] ESG does not oppose CMC depositing funds with the Court. However, ESG **does oppose** any discharge of CMC after deposit, any injunction as to further litigation or any other disposition that would further limit CMC's liability to ESG.

**MOTION TO STRIKE/DISMISS**        Page - 3

523, 535–536 (1967) (federal interpleader was not intended to serve as 'bill of peace' in context of multiparty litigation).

8. Third, pursuant to the Answer filed by FSS (Docket #9) there does not appear to be conflicting claims to any specific fund of money. See *Delta Lloyds Ins. Co. v. Rhodes*, Civil Action No. 1:12-CV-144-C, 2013 U.S. Dist. LEXIS 194545, at *3-4 (N.D. Tex. 2013) ("The most salient reason, however, for the Court's lack of jurisdiction is the fact that Delta has not interpleaded a single fund the distribution of which would dispose of all related claims. The courts and authorities have uniformly held that a single, identifiable fund is a prerequisite to an interpleader action.") *citing Wausau Ins. Cos. v. Gifford*, 954 F.2d 1098, 1100 (5th Cir. 1992) (citing *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 530, (1967); *Matter of Bohart*, 743 F.2d 313, 324 (5th Cir. 1984) ("An interpleader action is designed to protect a stakeholder . . . from the possibility of multiple claims upon a single fund")).

9. Interpleader is improper when it is only an attempt to obtain a discharge from any further liability because "[t]he purpose of interpleader is to bring a single fund before the court, to discharge the interpleading party from further obligation, and to determine all rights to the fund." *Id.* at *5.

10. Finally, interpleader has its roots in equity and is subject to equitable doctrines such as unclean hands and laches. CMC has a written contract with ESG yet has failed for over a year to comply with that contract. Also, CMC has failed to assert its "right" of interpleader for that long, only now asserting competing claims to the proceeds of the existing contract.

11. An action in the nature of an interpleader is equitable in nature and controlled by equitable principles. *Travelers Indemnity Co. v. Greyhound Lines, Inc.*, 260 F. Supp. 530, *affirmed* 377 F.2d 325 (5th Cir.), *certiorari denied* 389 U.S. 832. The equitable doctrine that one seeking equitable relief must do equity and come into court with clean hands is applicable to interpleader actions. *Great*

*American Insurance Company v. Bank of Bellevue*, 366 F.2d 289 (8th Cir. 1966)

12. This is a breach of contract case with related tort and equitable relief sought. It is not multiple claims to a single *res*. Interpleader is not properly utilized as some "bill of peace" as is attempted by CMC, with a cheap discharge of liability and payment of fees. See *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. at 535–536.

**WHEREFORE**, Plaintiff requests the Court to strike the asserted affirmative defenses and dismiss the interpleader, or in the alternative grant the interpleader and deny the discharge of CMC, requiring them to answer for the additional claims and monetary awards that may be entered against it, and for such other relief, at law or in equity, to which ESG may show itself entitled.

Dated:  May 10, 2024.

Respectfully submitted,

By:  */s/ Johnie Patterson*
Johnie Patterson
SBN#15601700
COUNSEL FOR PLAINTIFF

OF COUNSEL:
WALKER & PATTERSON, P.C.
P.O. Box 61301
Houston, TX 77208-1301
(713) 956-5577
(713) 956-5570 (fax)
jjp@walkerandpatterson.com

## CERTIFICATE OF SERVICE

I, Johnie Patterson, hereby certify that a true and correct copy of the foregoing *Motion* was served on all counsel by electronic transmission pursuant to the Court's CM/ECF servicing platform on May 10, 2024.

By:  */s/ Johnie Patterson*
Johnie Patterson